UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DHIRIM, INC.,

      Plaintiff,

v.   Case No. 09-12253
    Honorable Patrick J. Duggan

TIFFANY & CO.,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On May 7, 2009, Plaintiff instituted this action in the Circuit Court for Oakland County, Michigan. In its complaint, Plaintiff names as Defendant: "Tiffany & Co.," a Delaware corporation with its principal place of business in New York, New York. (Compl. ¶ 2.) Defendant removed the complaint to this Court, presumably on diversity grounds, on June 11, 2009.[1] Presently before the Court is Defendant's Motion for

---

[1] On June 11, 2009, Defendant filed a "Notice of Filing a Notice of Removal of this Case to the United States District Court for the Eastern District of Michigan." (Doc. 2.) Although this notice indicates that "[a] copy of the Notice of Removal" has been filed with the Court and attached (*id.* at 1-2), it was neither filed nor attached. Defendant did file a copy of Plaintiff's complaint and, from that, this Court ascertained that federal subject matter jurisdiction exists based on diversity jurisdiction. (*See* Doc. 1.)

Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6).

In its motion to dismiss, Defendant contends that it is not a proper party to this action. As Defendant explains, in this action, Plaintiff seeks to vacate an arbitration award resulting from the arbitration of issues related to a Stock Purchase Agreement ("SPA") between Plaintiff and Tiffany & Co., International. The corporation named in the complaint, Tiffany & Co., was not a party to the arbitration proceedings nor a party to the SPA. Defendant further indicates that an action relating to the arbitration award between Plaintiff and Tiffany & Co. International currently is pending in New York.

There is no indication in Defendant's motion to dismiss that defense counsel, prior to filing the motion, contacted Plaintiff's counsel to explain the nature of the motion and its legal basis and request concurrence in the relief sought. *See* E.D. Mich. LR 7.1(a). Had counsel complied with Rule 7.1(a), Plaintiff's counsel would have indicated that its original complaint contained a misnomer and that it intended to file an amended complaint naming Tiffany & Co. International as the defendant– as Plaintiff did on July 8, 2009. (Doc. 9.) Plaintiff was entitled to file this amended complaint as a matter of course as no responsive pleading yet had been served. *See* Fed. R. Civ. P. 15(a); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (explaining that a Rule 12(b)(6) motion does not qualify as a "pleading" so that the defendant's filing of such a motion did not preclude the plaintiffs from amending their complaint as a matter of course under Rule 15(a)).

In light of the amended complaint, the fact that the wrong party was named in the

initial complaint is not a basis for dismissing Plaintiff's action.[2]  While Defendant also states in the motion that there is a pending lawsuit in a New York court between Plaintiff and Tiffany & Co. International related to the arbitration award, no arguments have been presented to warrant the dismissal of this action based on that other lawsuit.  Finally, because the Court believes that the issue presented should have been resolved without the necessity of filing a motion, the Court declines Defendant's request for its costs and attorney's fees.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **DENIED**.

> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:
Henry Stancato, Esq.
Thomas M.J. Hathaway, Esq.
David A. Hardesty, Esq.

---

[2]As Plaintiff's amended complaint names Tiffany & Co. International as the defendant in this action, in subsequent filings the caption should be amended accordingly.